

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Jonathan S. Garelick
Special Assistant United States Attorney

402 East State Street, Room 420
Trenton, New Jersey 08608

609-656-2558

JSG/PL AGR
2024R00842

**VIA EMAIL**

April 25, 2025

John M. Holliday, Esq.
Golden Crest Corporate Center
2273 Route 33, Suite 207
Trenton, NJ 08690

RECEIVED
JUL 2 2 2025
AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Re:   Plea Agreement with Jeffrey Kniffin
         24-mj-14064 (RLS)

Dear Mr. Holliday:                                             25-473

   This letter sets forth the plea agreement between your client, Jeffrey Kniffin (hereinafter, "KNIFFIN"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 9, 2025, if it is not accepted in writing by that date. If KNIFFIN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation. This plea agreement offer replaces and supersedes a previous offer extended on April 4, 2025.

Charge

   Conditioned on the understandings specified below, this Office will accept a guilty plea from KNIFFIN to a one-count Information, which charges KNIFFIN with armed bank robbery in violation of 18 U.S.C. § 2113(d). If KNIFFIN enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against KNIFFIN for the armed bank robbery he committed against the Bank of America branch bank ("Bank of America") in Wall Township, New Jersey on October 23, 2024.

   But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against KNIFFIN even if the applicable statute of

limitations period for those charges expires after KNIFFIN signs this agreement, and KNIFFIN agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 2113(d) to which KNIFFIN agrees to plead guilty in the one-count Information carries a statutory maximum prison sentence of 25 years and a statutory maximum fine equal to the greatest of (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence on the one-count Information may run consecutively to any prison sentence KNIFFIN is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon KNIFFIN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence KNIFFIN ultimately will receive.

Further, in addition to imposing any other penalty on KNIFFIN, the sentencing judge as part of the sentence:

(1)   will order KNIFFIN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013(a)(2)(A), which assessment must be paid by the date of sentencing;

(2)   must order forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and 18 U.S.C. § 924(d)(1);

(3)   must order KNIFFIN to pay restitution pursuant to 18 U.S.C. § 3663A;

(4)   may order that KNIFFIN agree to waive, abandon, and surrender to federal, state, and/or local law enforcement or an appropriate third-party, all of his right, title, and interest in firearms and ammunition, other than those subject to forfeiture as referenced above, seized on or about October 23, 2024, to on or about November 6, 2024; and

(5)   pursuant to 18 U.S.C. § 3583, may require KNIFFIN to serve a term of supervised release of not more than five years, which will begin at the expiration of any term of imprisonment imposed. Should KNIFFIN be

placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, KNIFFIN may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on KNIFFIN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of KNIFFIN's activities and relevant conduct with respect to this case.

## Stipulations

This Office and KNIFFIN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and KNIFFIN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

<u>Forfeiture as to Proceeds</u>

As part of KNIFFIN's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), KNIFFIN agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or was derived from proceeds KNIFFIN obtained that are traceable to the offense charged in the Information. KNIFFIN further acknowledges that the value of such property was $27,072.00; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant, in an amount not to exceed $27,072.00 (the "Money Judgment"). KNIFFIN consents to the entry of an order requiring KNIFFIN to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to KNIFFIN prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. KNIFFIN further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

KNIFFIN waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. KNIFFIN understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise KNIFFIN of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. KNIFFIN waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. KNIFFIN further understands that KNIFFIN has no right to demand that any forfeiture of KNIFFIN's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon KNIFFIN in addition to forfeiture.

KNIFFIN further agrees that, not later than the date KNIFFIN enters a guilty plea, KNIFFIN will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If KNIFFIN fails to do so, or if this Office determines that KNIFFIN has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Forfeiture as to Firearms

As part of KNIFFIN's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), KNIFFIN agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about October 23, 2024:

(i) one (1) Sig Saur handgun, Model P365, bearing serial number 66b017024; and
(ii) eleven (11) ammunition cartridges, type FC 9mm Luger (collectively, the "Specific Property").

KNIFFIN acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violation of 18 U.S.C. § 2113(d) as charged in the Information.

KNIFFIN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), KNIFFIN consents to the entry of a forfeiture order that, in the Office's discretion may be final as to the defendant prior to the defendant's sentencing. KNIFFIN understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the Court to advise KNIFFIN of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. KNIFFIN further understands that KNIFFIN has no right to demand that any forfeiture of KNIFFIN's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. KNIFFIN waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

KNIFFIN also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. KNIFFIN agrees that KNIFFIN

will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent KNIFFIN has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. KNIFFIN further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

KNIFFIN further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of KNIFFIN's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, KNIFFIN agrees to pay full restitution to the victim of the offense of conviction in an amount that fully compensates the victim for the losses sustained as a result of the offense as follows:

| Victim | Amount |
|---|---|
| Bank of America | $1,938.00 |

KNIFFIN acknowledges that the loss amount is $27,072.00 and that this amount is subject to forfeiture as referenced above. KNIFFIN further acknowledges that the currency, $25,134.00, seized from his person on the date of his arrest is subject to forfeiture and application to his restitution obligation. KNIFFIN agrees that the seized currency will be credited towards his restitution obligation. The remaining difference, $1,938.00, between the loss amount and the currency seized from KNIFFIN on the date of his arrest constitutes the remaining restitution that KNIFFIN agrees to pay.

Abandonment

As part of his acceptance of responsibility, KNIFFIN hereby waives, abandons, surrenders, and forfeits all of his right, title, and interest in the following items seized from on or about October 23, 2024, to on or about November 6, 2024 (the "Abandoned Property"):
(i) Springfield Armory, Saint Victorm Multi-Caliber Rifle, bearing serial number ST405309;

(ii)   Bushmaster Model XM15-E25, .223-5.56mm caliber rifle, bearing serial number BK1307400;
(iii)  Stag Arms Model Stag-15 multi-caliber rifle, bearing serial number S060973;
(iv)   Diamondback Firearms Model DB10 multi-caliber rifle, bearing serial number DB-7012798;
(v)    Black Aces Tactical Pro Series 12-gauge caliber shotgun, bearing serial number 20-BAT17692;
(vi)   HK Model HK45, .45 caliber handgun, bearing serial number HKU048381;
(vii)  HK Model HK VP9, 9mm caliber handgun, bearing serial number 224-283874;
(viii) Assorted rifle magazines and handgun magazines;
(ix)   Assorted boxes of ammunition;
(x)    HK Model HK VP40, 9mm caliber handgun, bearing serial number 222-038918de;
(xi)   Heckler & Koch VP .40 caliber Smith & Wesson handgun, bearing serial number 222-035295;
(xii)  Three Heckler & Koch magazines, .40 caliber, bearing serial number 222-035295;
(xiii) 13 rounds of Hornady .40 caliber Smith and Wesson hollow point ammunition; and
(xiv)  27 rounds of federal .40 caliber Smith and Wesson hollow point ammunition (collectively, the "Additional Property").

KNIFFIN waives, releases, and withdraws any claims and defenses that KNIFFIN has made with respect to the Abandoned Property, and waives and releases any claims and defenses that KNIFFIN might otherwise have made to such property in the future in any proceeding, whether state or federal, administrative or judicial, criminal or civil. KNIFFIN further consents to the destruction of the Abandoned Property.

KNIFFIN further waives any right he might otherwise have had to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government or its designee might take, in its sole discretion, to carry out the abandonment, destruction, or other disposition of the Abandoned Property. KNIFFIN's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the Abandoned Property, including any such claim for attorney fees and litigation costs. KNIFFIN further agrees to hold the United States, its agents and employees harmless from any claim whatsoever in connection with the seizure, abandonment, disposition, and destruction of the Abandoned Property.

Notwithstanding the paragraphs above, KNIFFIN agrees to transfer all of his right, title, and interest in the Abandoned Property to his daughter, Erin C. Kniffin (hereinafter, "Erin"), subject to Erin being qualified to receive the Abandoned Property on or before the date of sentencing. This deadline shall not be extended. For purposes of this agreement, "qualified" means that Erin is legally permitted and authorized under New Jersey law to receive, obtain, and possess the Abandoned Property. Should Erin not timely become qualified or otherwise refuse to receive the Abandoned Property on or before the date of sentencing, the above paragraphs shall control.

Immigration Consequences

KNIFFIN understands that, if KNIFFIN is not a citizen of the United States, KNIFFIN's guilty plea to the charged offense will likely result in KNIFFIN being subject to immigration proceedings and removed from the United States by making KNIFFIN deportable, excludable, or inadmissible, or ending KNIFFIN's naturalization. KNIFFIN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. KNIFFIN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause KNIFFIN's removal from the United States. KNIFFIN understands that KNIFFIN is bound by this guilty plea regardless of any immigration consequences. Accordingly, KNIFFIN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. KNIFFIN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against KNIFFIN. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude KNIFFIN from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between KNIFFIN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:     Jonathan S. Garelick
Special Assistant U.S. Attorney

APPROVED:

Martha K. Nye
Acting Attorney-in-Charge, Trenton Branch Office

I have received this letter from my attorney, John M. Holliday, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, abandonment, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          May 6, 2025
Jeffrey Kniffin                                  Date

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, abandonment, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          5/15/25
John M. Holliday, Esq.                          Date
Counsel for Defendant

# PLEA AGREEMENT WITH JEFFREY KNIFFIN

## Schedule A

1.  This Office and JEFFREY KNIFFIN ("KNIFFIN") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.  The version of the Guidelines effective November 1, 2024, applies in this case.

3.  The applicable guideline is U.S.S.G. § 2B3.1.

4.  The parties agree that KNIFFIN's base offense level is 20. *See* U.S.S.G. § 2B3.1(a).

5.  Because KNIFFIN took property from a financial institution, a 2-level enhancement applies. *See* U.S.S.G. § 2B3.1(b)(1).

6.  Because KNIFFIN took financial property that resulted in a loss of more than $20,000.00 but less than $95,000.00, a 1-level enhancement applies. *See* U.S.S.G. § 2B3.1(b)(7)(B).

7.  The parties do not agree as to whether KNIFFIN's possession of a firearm in the commission of the armed bank robbery constitutes "otherwise used" versus "brandished or possessed" as applied under the Sentencing Guidelines. The Government reserves the right to argue for a 6-level enhancement for KNIFFIN having "otherwise used" the firearm under U.S.S.G. § 2B3.1(b)(2)(B), and KNIFFIN reserves the right to oppose the Government's position and argue instead that a 5-level enhancement is appropriate because the firearm was "brandished or possessed" under U.S.S.G. § 2B3.1(b)(2)(C).

8.  Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 7, above, the adjusted base offense level for Count One is either 29 or 28.

9.  As of the date of this letter, KNIFFIN has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if KNIFFIN's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, KNIFFIN has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their

resources efficiently. At sentencing, this Office will move for a further 1-level reduction in KNIFFIN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) KNIFFIN enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that KNIFFIN's acceptance of responsibility has continued through the date of sentencing and KNIFFIN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) KNIFFIN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issue noted in paragraph 7, above, the Guidelines offense level applicable to KNIFFIN is 26 or 25 (the "Total Offense Level").

12. Each party agrees not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level that applies after the sentencing judge resolves the open Guidelines issue as noted in paragraph 7, above, and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

13. If the term of imprisonment does not exceed 71 months, and except as specified in the next paragraph below, KNIFFIN will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 63 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    (a)    Any proceeding to revoke the term of supervised release.

    (b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)   An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).